CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 03 2013

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| DEBORAH K. PENNINGTON, | ) |
| | ) Civil Action No. 1:12CV00063 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| GENERAL DYNAMICS ARMAMENT | ) Chief United States District Judge |
| AND TECHNICAL PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

Deborah K. Pennington filed this action against General Dynamics Armament and Technical Products, Inc. ("General Dynamics"), asserting claims of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Family Medical Leave Act of 1993 ("FMLA"). The case is presently before the court on the defendant's partial motion to dismiss. For the reasons that follow, the motion will be granted.

## Background

Pennington is a former employee of General Dynamics, who suffers from severe depression. Her employment was terminated on October 14, 2011, after she had taken leave because of her mental health condition.

On or about March 19, 2012, Pennington filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII and the ADA. Thereafter, Pennington received a right-to-sue letter from the EEOC, which advised her that she must file a lawsuit under Title VII and/or the ADA within 90 days of receiving the letter. The letter indicates that it was mailed on June 28, 2012. (Compl. Ex. 1.)

On October 13, 2012, Pennington filed the instant action asserting claims under Title VII, the ADA, and the FMLA. On March 25, 2013, the complaint was amended to correct the name of the defendant.

On April 8, 2013, General Dynamics moved to dismiss Pennington's claims under Title VII and the ADA on the basis that the instant action was filed outside the applicable 90-day period. Pennington filed a brief in opposition to the motion on May 3, 2013, along with a declaration. In the declaration, Pennington avers that the right-to-sue letter was "delivered to [her] address on July 15, 2012," exactly 90 days before the instant action was filed. (Pl.'s Decl. at ¶ 3.)

## Standard of Review

Under both Title VII and the ADA, a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA). Although General Dynamics appears to treat this issue as one of subject matter jurisdiction, "[t]he 90-day filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) (quoting Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006)); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). Accordingly, a motion to dismiss for failure to satisfy the 90-day filing requirement must be considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or converted to a motion for summary judgment under Rule 56, if, as in this case, matters outside the pleadings are presented to and not excluded by the court. See Fed. R. Civ. P. 12(d).

Under Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). In deciding whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## Discussion

The 90-day filing requirement applicable to claims under Title VII and the ADA is "strictly construed." Asbury v. City of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009). In the absence of waiver, estoppel, or equitable tolling, "a lawsuit filed in excess of the 90-day period will be dismissed." Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 796 (E.D. Va. 2007).

The date on which the plaintiff received a right-to-sue letter from the EEOC is "critical in determining the commencement of the 90-day period." Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, 1999 U.S. App. LEXIS 17978, at *7 (4th Cir. 1999). In ascertaining the delivery date, the United States Court of Appeals for the Fourth Circuit has rejected an "actual receipt" rule. Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Instead, a district court must "conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). The Fourth Circuit has "also utilized procedural rules in ascertaining the receipt date of notice of right to sue letters." Nguyen, 1999 U.S. App. LEXIS 17978, at *8. If the actual date of receipt is established by the evidence, that date is used to determine the start of the 90-day filing period. Id. (citing Dixon v. Digital Equip. Corp., 976 F.2d 725, 1992 U.S. App. LEXIS 24923, at *2 (4th Cir. 1992)). If the date of receipt is unknown or in dispute, it is presumed that the letter was received within three days after it was mailed by the EEOC. Id. (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984)).

3

In this case, the date that Pennington received the right-to-sue letter from the EEOC is in dispute. Although the right-to-sue letter indicates that it was mailed on June 28, 2012, Pennington avers in her declaration that it was not delivered to her address until July 15, 2012, more than two weeks later. That date, however, was a Sunday, when mail is ordinarily not delivered, and Pennington has provided no explanation for the alleged delay in her receipt of the letter. See Reid v. Potter, No. 3:06cv267, 2007 U.S. Dist. LEXIS 87050, at *6 (W.D.N.C. Nov. 9, 2007) (taking judicial notice "that mail delivered in the normal course is not delivered on Sunday," and emphasizing that the plaintiff had not alleged that her right-to-sue letter "was delivered in any manner other than in the normal course"); Abano v. Chertoff, No. L-06-cv023, 2007 U.S. Dist. LEXIS 51882, at *4 (S.D. Tex. July 18, 2007) (holding that "[b]ecause the United States Postal Service does not usually deliver mail on Sundays, it [was] reasonable to conclude that the EEOC letter was not delivered and was not received" on the date alleged by the plaintiff).

Because the date of receipt is in dispute, the court will presume that Pennington received the right-to-sue letter on Monday, July 2, 2012, three postal business days after it was mailed by the EEOC. The 90-day period commenced on that date and expired on October 1, 2012, twelve days before the instant action was filed.

Having concluded that Pennington's complaint was not filed within the requisite 90-day period, the court must determine whether "reasonable grounds exist for an equitable tolling of the filing period." Harvey, 813 F.2d at 654. Upon review of the record, the court concludes that no such grounds exist in the instant case. Even if Pennington did not learn of the right-to-sue letter until July 15, 2012, she still had 78 days to timely file the instant action. In the absence of any showing that this was not sufficient time within which to act, the court concludes that equitable tolling is not warranted. See Harvey, 813 F.2d at 654 (equitable tolling was inappropriate where

4

the plaintiff still had 84 days to file his complaint); <u>Asbury</u>, 599 F. Supp. 2d at 720 (equitable tolling was not warranted where the plaintiff still had 78 days to file her complaint); <u>Beale v. Burlington Coat Factory</u>, 36 F. Supp. 2d 702, 705 (E.D. Va. 1999) (equitable tolling was not warranted where the plaintiff still had 60 days to file his complaint).

## **Conclusion**

For the reasons stated, the court concludes that Pennington's claims under Title VII and the ADA are time-barred. Accordingly, the court will grant the defendant's partial motion to dismiss.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 2<sup>d</sup> day of July, 2013.

/s/ Glen Conrad
Chief United States District Judge